**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUNIL KUMAR,

            Petitioner,

v.

WILLIAM P. BARR, Attorney General,

            Respondent.

No.    16-71890

Agency No. A201-294-534

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2019[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and McKEOWN and GOULD, Circuit Judges.

Sunil Kumar, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' (BIA) order dismissing his appeal from an immigration

judge's (IJ) decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture (CAT).  We review factual

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings for substantial evidence. *Ming Dai v. Sessions*, 884 F.3d 858, 866 (9th Cir. 2018). Because the parties are familiar with the history of this case, we need not recount it here.

I

Substantial evidence does not support the agency's denial of asylum and withholding of removal. An applicant's testimony alone is sufficient to establish eligibility for asylum and withholding of removal if it is credible, persuasive, and refers to specific facts sufficient to establish eligibility. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1229a(c)(4)(B).

Neither the IJ nor the BIA made an explicit adverse credibility determination, so we are required to treat Kumar's testimony as credible. *See Ming Dai*, 884 F.3d at 870. Kumar testified that he was attacked on three separate occasions by members of the Sikh community because of his religious activities with the Dera Sach Khand Ballan, he suffered broken ankles and lost consciousness in the most severe beating, he received anonymous calls from individuals who threatened to kill him if he did not stop his religious activities, and he reported each incident to the police to no avail. This testimony is sufficient to establish his eligibility for asylum and withholding of removal. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1066 (9th Cir. 2017) ("reporting and police

inaction is one means of establishing government . . . unwillingness to control the attackers"); *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) ("threats may be compelling evidence of past persecution"); *Chand v. INS*, 222 F.3d 1066, 1073–75 (9th Cir. 2000) (cumulative effect of three instances of violence and harassment compel finding of past persecution).

Because we must "treat [Kumar's] testimony as credible and his testimony clearly set out sufficient facts to establish past persecution" we "treat the BIA's general statement about [Kumar's'] burden of proof as relating to the only remaining requirement for testimony to carry that burden: persuasiveness." *Ming Dai*, 884 F.3d at 871. The BIA held that Kumar's testimony was unpersuasive, noting his "vague, and at times, inconsistent testimony." Vagueness and inconsistency, however, are inquiries relevant to the issue of credibility—not persuasiveness. *Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010). Once credibility is decided—here, by the failure of the IJ or the BIA to issue an adverse credibility determination—the issue is settled: the BIA cannot then smuggle credibility concerns into the persuasiveness inquiry. *Ming Dai*, 884 F.3d at 872–73. Thus, the BIA's determination that Kumar's testimony was unpersuasive is not supported by substantial evidence. The record, therefore, compels the

3

conclusion that Kumar's testimony satisfied his burden of proof because it is credible, persuasive, and sets forth sufficient facts.

Kumar is entitled to a presumption of a sufficient likelihood of future persecution because he established that he suffered past persecution. *Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010). Accordingly, we grant the petition as to Kumar's asylum and withholding of removal claims. We remand with instructions to grant Kumar withholding of removal and remand for a determination whether Kumar should be granted asylum. *See Ndom v. Ashcroft*, 384 F.3d 743, 756 (9th Cir. 2004).

II

We conclude, however, that the IJ's denial of CAT protection is supported by substantial evidence because the record does not establish that Kumar more likely than not would be tortured at the instigation of, or with the acquiescence of the Indian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We therefore deny the petition with regard to Kumar's CAT claim.

III

Given our conclusions, we need not address any other issue raised by the parties. Each party shall bear its own costs.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**